# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60317
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2025

Lyle W. Cayce
Clerk

Eduim Licona-Acosta,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 022 251

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Eduim Licona-Acosta, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an immigration judge's (IJ) denial of statutory withholding of removal and protection under the Convention Against Torture (CAT). (Although Licona asserts entitlement to asylum in his petition for review, our court will not

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60317

address this contention because he did not seek asylum before the IJ or the BIA. In that regard, Licona's counsel advised the IJ that Licona was seeking only withholding of removal and CAT relief, as he conceded his application for asylum was untimely.)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Licona has not met this standard.

One who seeks asylum or withholding of removal must show that officials are unable or unwilling to protect him from persecution on account of a protected ground, such as membership in a particular social group. *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). If an alien fails to establish any of the elements of asylum or withholding, his claim fails, and the court need not consider his contentions concerning the remaining elements. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

In denying Licona's withholding-of-removal claim, the BIA determined, *inter alia*, that he had not established the Honduran government is unwilling or unable to control his alleged persecutor, as the Honduran police arrested the alleged persecutor. Licona's failure to brief whether the

No. 24-60317

BIA erred in this determination results in the abandonment of any challenge he may have had. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (failure to brief issue results in waiver).

And, because this determination is an essential element of his withholding claim, he shows no error in connection with the BIA's rejection of these claims and concomitant dismissal of his appeal. *See Jaco*, 24 F.4th at 402 (outlining elements); *Munoz-De Zelaya*, 80 F.4th at 693–94. Accordingly, we need not address the BIA's remaining grounds for denying his withholding-of-removal claim. *See Munoz-De Zelaya*, 80 F.4th at 693–94. Moreover, we do not address any of Licona's remaining contentions not raised before the BIA, because, as the Respondent correctly notes, the contentions are unexhausted. *See id.* at 694.

Turning to Licona's CAT claim, he was required to demonstrate that, in the proposed country of removal (Honduras), he more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). In other words, he must show: he more likely than not would suffer torture; and sufficient state action would be involved in that torture. *Id.* "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (citation omitted).

Again, Licona does not challenge the BIA's determination that he failed to establish the requisite state action. He has therefore forfeited review of that determination, *e.g.*, *Chambers*, 520 F.3d at 448 n.1., which is fatal to his CAT claim. *See Martinez Manzanares*, 925 F.3d at 228.

DENIED.